[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 20, 2006
THOMAS K. KAHN
CLERK

No. 06-12398
Non-Argument Calendar

_____

D. C. Docket No. 02-22365-CV-DLG

EZRA NAYLOR,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS, James
McDonough,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 20, 2006)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Ezra Naylor, a Florida state prisoner proceeding pro se, appeals the denial of his ineffective assistance of counsel habeas petition under 28 U.S.C. § 2254. His claim centers on 1) his trial counsel's failure to object to the prosecutor's statements during closing arguments pointing out Naylor's silence and 2) his trial counsel's.[1] Naylor filed his § 2254 petition in August 2002, challenging his state conviction for first degree murder.

During Naylor's trial for first degree murder, the state called several witnesses, including Naylor's ex-girlfriend, Yolanda Walker. Walker testified that she rented a gold Toyota Camry on September 6, 1997 and that Naylor was "free to use it if he chose to." The Camry was later linked to the September 9th murder. Walker also testified that at some point after the murder but prior to Naylor's arrest, she asked Naylor what was wrong, referring to the events of September 9th.

---

[1] We do not address the second argument that Naylor raises on appeal—claiming ineffective assistance of counsel for the failure of his trial counsel to argue that he was tried after the term of court when his indictment was filed—because the district court denied Naylor's motion for a COA as to that issue and no motion to expand the COA was filed in our court. See Tompkins v. Moore, 193 F.3d 1327, 1332 (11th Cir. 1999) ("It is not enough simply to file a brief addressing all of the issues for which review is sought. Issues not covered in the certificate will not be considered. The only way a habeas petitioner may raise on appeal issues outside those specified by the district court in the certificate is by having the court of appeals expand the certificate to include those issues. An application to expand the certificate must be filed promptly, well before the opening brief is due. Arguments in a brief addressing issues not covered in the certificate, including any expansion granted by the court of appeals, will not be considered as a timely application for expansion of the certificate; those issues simply will not be reviewed." (internal citations omitted)).

When asked, Naylor indicated that he did not want to talk about it. Naylor did not testify at trial.

During closing statements, the prosecutor said of Walker's testimony:

> Let me make one thing clear here, the defendant has got an absolute right to remain silent, and you should not hold that against him in any way. That does not apply to statements not made or questions not answered that are put to him by his girlfriend . . . . Sometimes the most damaging kind of evidence . . . that you can have as jurors is silence. Silence in the face of something as provocative or as comm[ent] worthy as this.

> You have just borrowed this young ladies [sic] car. You have it for a period for which a murder is committed. Your cousin is arrested. You don't return the car. The cops just called me, and tell me they got the car, what is going on. He doesn't want to talk about it.

Naylor argues that his attorney rendered ineffective assistance of counsel by failing to object to this statement. He maintains that reasonable jurors would find that the prosecutor violated Naylor's right to remain silent by arguing that silence can be "the most damaging kind of evidence."

We review de novo a district court's denial of a § 2254 petition. Davis v. Sec'y for the Dep't of Corrs., 341 F.3d 1310, 1313 (11th Cir. 2003). Federal courts should not grant habeas relief on "any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's summary rejection of a constitutional issue qualifies as an adjudication that is entitled to deference. Wright v. Sec'y for Dep't of Corr., 278 F.3d 1245, 1254–55 (11th Cir. 2002). The state court only need reject a claim on the merits, and does not have to provide an explanation for § 2254(d)(1) to apply. Id. at 1255.

Under Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), in order to prove that counsel was ineffective, a petitioner must show (1) deficient performance by counsel and (2) a reasonable probability that counsel's deficient performance affected the outcome of the trial. Id. at 687, 104 S. Ct. at 2064. If a petitioner fails to prove either deficient performance or prejudice, he is not entitled to relief. Id. at 697, 104 S. Ct. at 2069. "Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994). Because both parts of the Strickland test must be satisfied to show a Sixth Amendment violation, we need not address the prejudice prong if Naylor cannot

4

prove inadequate performance. Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

First, Naylor must show that his trial counsel's performance was deficient. The Supreme Court has clearly established that the use of a defendant's silence at the time of his arrest for impeachment purposes violates due process. Doyle v. Ohio, 426 U.S. 610, 619, 96 S. Ct. 2240, 2245 (1976). "Ineffective assistance of counsel may be established where a defense counsel fails to object to the prosecutor's very serious instances of prosecutorial misconduct which include . . . argument[s] which invited the jury to consider constitutionally protected silence as evidence of [the defendant's] guilt." Fugate v. Head, 261 F.3d 1206, 1223 (11th Cir. 2001) (citations and internal quotations omitted and brackets in original). Still, "[t]o determine whether the prosecutor intended to comment on [Naylor's] failure to testify, we must examine the comment in context." Baxter v. Thomas, 45 F.3d 1501, 1508 (11th Cir. 1995) (quotations and citation omitted).

The facts before the state court in Naylor's Rule 3.850 proceeding reveal that his conversation with Walker occurred about a month before his arrest. In this argument, the prosecutor clearly delineated between Naylor's pre-arrest silence when questioned by his girlfriend and his post-arrest and trial right to remain silent. See United States v. Rivera, 944 F.2d 1563, 1567–68 (11th Cir. 1991)

5

(holding that the Government may comment on a defendant's silence if it occurred prior to the time that he is arrested and given his <u>Miranda</u> warnings).  In his closing argument, the prosecutor unequivocally stated that Naylor had an absolute right to silence.

The facts here are similar to those in <u>United States v. Carter</u>, 760 F.2d 1568 (11th Cir. 1985).  There, the defendant sought a new trial after the prosecutor's closing argument discussed the defendant's pre-arrest silence when questioned by a customs agent.  <u>Id.</u> at 1577.  Following a drug raid but before his arrest, the defendant had a telephone conversation with a customs agent and told the agent that he knew that his passport and insulin had been confiscated.  <u>Id.</u>  When the customs agent asked the defendant if he wanted to explain how the items got on the plane used to smuggle the drugs, the defendant said that he did not want to answer any more questions without an attorney.  <u>Id.</u>  In that case, we relied upon the critical distinction between pre-arrest silence and post-arrest silence in concluding that the prosecutor's comments were not inappropriate.  <u>Id.</u>  Likewise, Naylor's refusal to answer Walker's questions occurred prior to his arrest and prior to the administration of the <u>Miranda</u> warnings.  Therefore, the prosecutor's comments were proper and it follows that trial counsel was not deficient in failing to object to them.

**AFFIRMED.**

6